Roberta HILL; Era Thornton; Troas Cleveland; Pearl Johnson; Versie Bridges, Plaintiffs–Appellants,

v.

Walter BANKS; Gayle Webb; Paula Gisler; Leslie McKeon; Baptist Rehabilitation–Germantown; Baptist Memorial Hospital, Defendants–Appellees.

No. 02–5863.

United States Court of Appeals, Sixth Circuit.

Dec. 18, 2003.

Christopher L. Taylor, Hill & Boren, John W. Simmons, Kiesewetter, Wise, Kaplan, Schwimmer & Prather, Memphis, TN, for Plaintiffs–Appellants.

Paul E. Prather, John W. Simmons, Kiesewetter, Wise, Kaplan, Schwimmer & Prather, Memphis, TN, for Defendant–Appellee.

Before GUY and GILMAN, Circuit Judges; and REEVES, District Judge.[*]

REEVES, District Judge.

Plaintiffs–Appellants Roberta Hill, Era Thornton. Troas Cleveland. Pearl Johnson, and Versie Bridges appeal the decision of the district court granting summary judgment to the Defendants–Appellees Walter Banks, Gayle Webb. Paula Gisler, Leslie McKeon. Baptist Rehabilitation–Germantown and Baptist Memorial Hospital on their Title VII and Section 1981 claims of racial discrimination. In addition, the Plaintiffs–Appellants appeal the district court's denial of their motion to amend the complaint to add a claim of racial harassment.

After thoroughly considering the Plaintiffs' claims, the district court found that the Plaintiffs failed to establish a prima

---

[*] The Honorable Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.

facie case with respect to their disparate treatment claims under Title VII and Section 1981 and granted summary judgment in favor of the Defendants. For the reasons clearly articulated in the district court's order granting summary judgment to the Defendants, we affirm its decision with regard to the Plaintiffs' disparate treatment claims.

The district court's denial of a motion to amend the complaint is reviewed for an abuse of discretion. In deciding to deny the motion, the district court relied on Rule 16 of the Federal Rules of Civil Procedure, holding that the Plaintiffs had not shown good cause to amend the scheduling order. Rule 16(b) of the Federal Rules of Civil Procedure provides that, a scheduling order establishing deadlines for matters such as amendments to pleadings "shall not be modified except upon a showing of good cause and by leave of the district judge." Fed.R.Civ.P. 16(b). Specifically, the district court concluded that Plaintiffs had not been diligent in attempting to comply with the deadlines of the scheduling order and that to allow them to amend their complaint approximately one year after the close of discovery would prejudice the Defendants.

In *Leary v. Daeschner*, 349 F.3d 888 (6th Cir.2003), this court recently discussed the interplay between Rule 15(a), which provides that leave to amend "shall be freely given," and Rule 16(b)'s good cause requirement. Specifically, the court established that, once a scheduling order's deadline passes, a party must first show good cause under Rule 16(b) for the failure to seek leave to amend prior to the expiration of the deadline before a court will consider whether the amendment is proper under Rule 15(a). Further, a determination of the potential prejudice to the non-moving party is also required in deciding whether to allow the amendment.

In the instant case, the district court thoroughly considered and addressed the lack of diligence by the Plaintiffs in filing the motion to amend and the prejudice that the Defendants would suffer if such amendment were permitted. Accordingly, the district court did not err in denying the Plaintiff's motion to amend.

For the reasons articulated in the district court's order, we AFFIRM.